```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   ORRIN BACOTE,

 4                  Plaintiff,

 5             v.                          16 Civ. 1599 (GHW)

 6   RIVERBAY CORPORATION, et al.,
                                           Telephone Conference
 7                  Defendants.

 8   ------------------------------x

 9                                         New York, N.Y.
                                           November 18, 2016
10                                         12:30 p.m.

11   Before:

12             HON. GREGORY H. WOODS

13                                         District Judge

14

15

16             APPEARANCES

17

18   COHEN & FITCH LLP
          Attorneys for Plaintiff
19   BY:  GERALD M. COHEN
          ILYSSA S. FUCHS
20

21   ARMIENTI DEBELLIS GUGLIELMO & RHODEN LLP
          Attorneys for Defendants
22   BY:  HORACE O.K. RHODEN
          MICHAEL ARMIENTI
23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300


```
```

---

1                (Case called)

2                THE COURT:  This is Judge Woods.  Do I have counsel
3    for plaintiff on the line?

4                MR. COHEN:  Yes, your Honor.  Gerald Cohen for Mr.
5    Bacote.

6                THE COURT:  Do I have counsel for defendants?

7                MR. RHODEN:  Yes, your Honor.  Horace Rhoden.

8                THE COURT:  Thank you very much.  I scheduled this
9    conference in response to the letter submitted by Mr. Cohen on
10   the 16th.  I have reviewed that letter and the responsive
11   letter submitted by defendants.  Let me turn first to Mr.
12   Cohen, please.

13               Mr. Cohen, can you please describe the discovery that
14   is still outstanding, any pertinent deadlines, and any requests
15   that you have of the Court.

16               MR. COHEN:  Can you repeat the question, your Honor?
17   I'm sorry.

18               THE COURT:  Thank you.  What do you want and what
19   hasn't happened?

20               MR. COHEN:  I thought I received the medical
21   authorizations for the three officers which was ordered on
22   October 20th.  Unfortunately, it's taken a month to get Mr.
23   Rhoden to tell me he was having a hard time getting in touch
24   with them.  I have learned only this week, after I filed this
25   letter, that he has finally gotten in touch with all three of

1  the officers and that the medical authorizations are now forth-
2  coming.  I still have not received them.  I got one that was
3  incomplete from one of the officers.  I'm still waiting for all
4  three complete medical authorizations, which I have not
5  received.
6       About an hour ago, right before this conference, I got
7  an email from Mr. Rhoden saying that Officer Mendoza was
8  finally able to get in touch with her and that he asked for a
9  date.  He gave me two options for dates for depositions, and we
10 selected one.
11      I thought I had received the authorizations.  It takes
12 a while to get the medical records.  I'm concerned because the
13 Court's deadline for discovery is December 19th and we were
14 told specifically there will be no extensions.  I'm really
15 trying to meet the discovery deadline.  I'm a little frustrated
16 because every time I try to get discovery done in this case, I
17 have TO write to the Court to even get a response from Mr.
18 Rhoden.
19      THE COURT:  Let me turn to you, Mr. Rhoden. What is
20 the status of discovery from your perspective and what has led
21 to this extreme delay in defendants' responsiveness to the
22 discovery requests by plaintiffs and my orders?
23      MR. RHODEN:  Judge, immediately after your order, your
24 Honor, we contacted our client Riverbay Corporation and told
25 them what was necessary.  We said the Court has ordered for

1  them to have these options to provide authors for their medical

2  records.  Our understanding is the officers deliberately went

3  out to contact the three officers.

4           Unfortunately, shortly after that, I received news of

5  a death in my family.  I made arrangement to leave the country.

6  I was out of the country from November 3rd through November

7  10th.  I returned to the office on November 10th.  So that time

8  frame I was out.

9           Once I came back, I learned that these authorizations

10 did not come in.  I contacted Riverbay Corporation and I

11 learned the difficulties that they had had, which I was not

12 aware of.  For example, one authorization I'm told was sent to

13 my office.  That authorization was sent to my office and I had

14 received it this week and I forwarded that authorization to Mr.

15 Cohen.

16          What he is claiming is the problem with the

17 authorization is that where the person signed the

18 authorization, he didn't put the date by his signature.  That's

19 the defect.

20          MR. COHEN:  There is no address either.

21          MR. RHODEN:  Yes, which raises a different issue.  He

22 wants the officer's whole address.  I'm sure the officer did

23 not put that in there because he did not wish to give out his

24 personal home address.  But I think that issue has been

25 resolved.  Mr. Cohen has assured me that he will protect that

1 address. So I think that issue has been resolved.

2 Also, I learned once I reached out to them that two of
3 the officers are not working. One is out on medical leave, so
4 contacting him was a little difficult. The other one was no
5 longer working for the corporation, so contacting him was
6 difficult.

7 I have been able since then to contact these officers
8 this week. They have the authorizations and they have signed
9 the authorizations, both these officers. I understand that
10 both of these authorizations are in the mail back to my office.
11 So this whole issue should be resolved. As far as getting the
12 dates of the authorizations, hopefully I'll get it in the mail
13 today, but it certainly should be resolved no later than the
14 following Monday.

15 THE COURT: Thank you. I understand that the parties
16 have agreed upon a date for the deposition of Officer Mendoza.
17 Mr. Cohen, I assume that you are planning to notice that
18 deposition for that date?

19 MR. COHEN: Literally an hour ago I just got the
20 information that she is available on December 12th through
21 13th. I emailed Mr. Rhoden back saying the 12th is better for
22 me. I'll send him a notice. That's fine.

23 THE COURT: Thank you.

24 Mr. Rhoden, if your client fails to appear at a duly
25 noticed deposition, any number of consequences can flow from

1  that.  I am not going to take action now to sanction defendants

2  for noncompliance with my prior order, understanding the family

3  emergency that made it difficult for you to comply, Mr. Rhoden.

4         One comment.  Remember that these defendants are your

5  clients, not Riverbay alone.  To the extent that you must take

6  other steps to ensure their compliance with their discovery

7  obligations, you may want to do that rather than relying on

8  Riverbay and its officers to do so.  But that is up to you.  In

9  any event, if they fail to comply with a future order, I may

10 impose appropriate sanctions.  I am going to decline to do so

11 now, understanding the personal circumstances that you assert

12 for the reason why you are unable to comply timely.

13        Please do notice that deposition.  If the defendant

14 fails to appear as and when noticed, plaintiff can make

15 appropriate application to the Court.  Counsel for plaintiff,

16 to the extent that this delay requires a further extension of

17 time to complete discovery, you will let me know.  Otherwise, I

18 would hope that you will be able to complete discovery within

19 the time frames that are established.

20        Is there anything else we should discuss during this

21 conference?  Mr. Cohen?

22        MR. COHEN:  No, thank you.

23        MR. RHODEN:  I have one thing, your Honor.  As the

24 court may be aware, the Court just recently gave the plaintiff

25 authority to bring a lawsuit against another officer, Officer

1   Lamont Leath.  I understand that recently, maybe even this
2   week, plaintiff has served him with the summons and complaint.
3   My understanding is that Mr. Cohen has informed me by email
4   that Officer Leath -- as the Court may be aware, Officer Leath
5   no longer works for Riverbay Corporation -- informed me that
6   Officer Leath contacted him.  I don't know when this contact
7   was, but he informed me today.  And Officer Leath indicated to
8   him that he is appearing pro se in this matter.
9              I don't know if Officer Leath has an understanding
10  that, number one, he is entitled to an attorney, entitled to a
11  defense in this case.  We have had no contact with Officer
12  Leath.  I would ask if plaintiff has a phone number for the
13  officer for Officer Leath, if he could turn it over to me so we
14  can reach out to him to let him know that he is entitled to a
15  defense.
16             Second, plaintiff should refrain from any further
17  communication, from any communication, with Officer Leath until
18  an answer has been put in and we determine whether or not we
19  will be representing him or not.
20             THE COURT:  Thank you.
21             Mr. Cohen?
22             MR. COHEN:  Your Honor, he called me.  I explicitly
23  told him all the things that Mr. Rhoden just stated.  I said
24  that I am not his attorney, I represent Mr. Bacote.  I asked
25  him if he was represented.  He said he was not represented.  I

1    said that the Riverbay Corporation might represent you if you
2    reach out to them.  I advised him of all of the things.
3             I made very clear to him that I'm only looking out for
4    the interest of my client and not his.  And he wanted to speak
5    to me.  So I spoke to him and I told him, listen, what we need
6    to do is get you deposed before the discovery deadline.  I
7    asked him when he was available for deposition.  That was when
8    I emailed Mr. Rhoden.  I asked him if he was available on the
9    date Mr. Leath said he was available.
10            THE COURT:  Thank you.  Do you have and can you
11   provide contact information for this additional defendant to
12   Mr. Rhoden?
13            MR. COHEN:  Yes.  I do have his phone number and I
14   will be providing it to Mr. Rhoden.
15            THE COURT:  Good.  Thank you.
16            I'm not going to order anything further, Mr. Rhoden.
17   I hope you will reach out to this person.  If he declines your
18   representation, I don't know that there is anything that I can
19   do to prevent him from doing so or from communicating with
20   counsel for plaintiff.  But you should have fair opportunity to
21   make sure that he is aware of whatever indemnification Riverbay
22   provides for former officers.  I hope that you will, in the
23   interest of your potential client, take much more diligent
24   steps to reach out to him than it appears you did in order to
25   get these authorizations.

1          I am not going to prohibit plaintiff from speaking
2  with him.  I understand the plaintiff is going to give you the
3  contact information to reach out to him.  I expect that you
4  will do so.  If you fail to do so timely, that will be your
5  choice.
6          MR. RHODEN:  Thank you, your Honor.
7          MR. COHEN:  Thank you, your Honor.
8          THE COURT:  Thank you both.
9          (Adjourned)