RVB10380
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ORRIN BACOTE,

                       Plaintiff,

       -against-

RIVERBAY CORPORATION, et al.

                     Defendants.
-----------------------------------------------------------------X

Civil Action No.: 16-cv-1599

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

**Armienti, DeBellis, Guglielmo & Rhoden, LLP**
*Attorneys for Defendants*
39 Broadway, Suite 520
New York, New York 10006

By: Vanessa M Corchia (VC 6458)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..............................................................3

PRELIMINARY STATEMENT.......................................................5

ARGUMENT..............................................................................6

    THE REQUESTED HOURLY RATE IS EXCESSIVE...........................6

CONCLUSION..........................................................................14

**TABLE OF AUTHORITIES**

**Page**

Allende v. Unitack Design, Inc., 783 F. Supp. 2d  (SDNY 2011).........................……. 9

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
522 F. 3d 182, 190 (2nd Cir. 2007)…………………………………………………………...6

Balu v. City of New York, 2016 US Dist. LEXIS 29264 (SDNY)................................8, 10

Banco Cenrale v. Paraguay Humanitarian Found.,
2007 U.S. Dist. LEXIS 17366 (SDYY 2007)…………………………………………………..8

Blount v. City of New York, No. 11-CV-124 (EDNY 2011)…………………………………...7

Charles v. City of New York, 2015 US Dist. LEXIS 25510 (SDNY)................................12

Greene v. City of New York, 2013 US Dist. LEXIS 154342 (SDNY)..........................…..10-11

Dixon v. Agbai, 2016 US Dist. LEXIS 88844 (SDNY)…………………………………….9, 10

In re Merrill Lynch v. Research Securities Litig.,
2007 U.S. Dist. LEXIS 9450 (SDNY 2007)……………………………………………….8-9

Integrated Marketing v. JEC Nutrition, 2007 U.S. Dist. LEXIS 19468 (SDNY 2007)……….....8

Makinen v. City of New York, 2016 US Dist. LEXIS 49293 (SDNY)................................9

Marshall v. P.O. Salim Randall, et al., 10 CV-2714 (EDNY 2013)……………....5, 6, 7, 8, 11, 12

Rosado v. City of New York,  2012 US Dist. LEXIS 49293 (SDNY)................................9

Schoolcraft v. City of New York, et al., 10 CV 6005 (SDNY 2016)…………………... 5, 6, 7, 12

Skanga Enerhy & Marine Ltd. v. Arevenca S.A.,
2014 U.S. Dist. LEXIS 74921 (SDNY 2014)……………………………………………….8

Spencer v. City of New York, 2013 US Dist. LEXIS 161693 (SDNY)..............................10

Tatum v. City of N.Y., 2010 US Dist. LEXIS 7748 (SDNY)…………………………………9-10

Thai-Lao Lignite (Thailand) Co., LTD v. Government of Lao People's Democratic Republic,
2012 U.S. Dist. LEXIS 1033378 (SDNY 2011)……………………………………………….8

Thomas v. City of New York, 2016 US Dist LEXIS 8960 (SDNY)......................9, 10, 12, 13

<u>Thorsen v. County of Nassau</u>, No. 03-CV-1022 (EDNY Mar. 17, 2017)...........................7

<u>Wise v. Kelly</u>, 620 F. Supp. 2d 435 (SDNY 2010)................................................9-10

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of defendants' opposition to plaintiff's application for attorney's fees.  The plaintiff's claimed hourly rate is excessive and not in line with the court's precedent in civil rights matters.  Plaintiff's counsel, Mr. Gerald Cohen, Esq. is seeking an hourly rate of $500.  However, as recently as September 1, 2016, Mr. Cohen's hourly rate was reduced from the requested $500 per hour to $325 per hour, by the Hon. Judge Robert W. Sweet in Schoolcraft v. City of New York, et al., 10 CV 6005 (SDNY 2016).  Likewise, in Marshall v. P.O. Salim Randall, et al., 10 CV-2714 (EDNY 2013), the Magistrate Judge Viktor V. Pohorelsky awarded Mr. Cohen an hourly rate of $325 per hour in 2013.  Moreover, there is no case law to support an hourly rate of $500 for a civil rights attorney with comparable experience to Mr. Cohen.  Accordingly, it is respectfully requested that this Court determine an hourly rate in line with the Court's precedent.

## ARGUMENT

## THE REQUESTED HOURLY RATE IS EXCESSIVE

The determination of whether the hourly rate is reasonable is within the discretion of the court.  "The reasonable rate is the rate a paying  client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F. 3d 182, 190 (2nd Cir. 2007).  In making its determination the Court may consider a number of factors, including the twelve Johnson factors,[1]  which include, the attorney's ability and reputation, the attorney's customary hourly rate, and awards in similar cases.  Id, 522 F.3d at 187.  Additionally, the Court must consider the fact that "a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Id. at 190.

The Court's past precedent unequivocally demonstrates that the requested rate is excessive. See,  Marshall v. PO Salim Randall, 10 CV 2714 (EDNY 2013); Schoolcraft v. City of New York, 10 Civ. 6005 (SDNY 2016).

Mr. Cohen was counsel for plaintiff in the Marshall matter, in which plaintiff brought an action under 42 USC §1983 against defendants. Marshall, 10 CV 2714 at 1. After securing a jury verdict in favor of the plaintiff, Mr. Cohen made an application for attorney's fees.  Notably, Mr. Cohen sought an hourly rate of only $400. Id. at pg. 9.  Magistrate Judge Pohorelsky noted that Mr. Cohen graduated from Benjamin N. Cardozo School of Law in 2004, and formed the law firm Cohen & Fitch, LLP in 2008. Id. The Court further noted that Cohen & Fitch, LLP handles

---

[1] The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2nd Cir. 2006).

civil rights cases on a contingency bases, rather than an hourly rate. Id.   In support of the application, plaintiff submitted articles from the National Law Journal, and affidavits of other civil rights attorneys, to which the Court responded

> [t]hese submissions are *limited in usefulness*.   The Law Journal's review spans the entire nation, rather than the relevant forum... and does not take into account the particular circumstances of this case or the attorneys involved.   The affidavits support the rates requested by plaintiff's counsel as reasonable and the affiants lend their professional praise for the credentials of plaintiff's attorney.   Counsel's reputations are not in dispute, however, and thus these affidavits are largely unnecessary to the court's recommendations.

Id.

In coming to a determination Magistrate Judge Pohorelsky cited a myriad of case law, including, Blount v. City of New York, No. 11-CV-124 (EDNY 2011), approving a $425 hourly rate in a civil rights case for an attorney with fifteen (15) years experience; and Thorsen v. County of Nassau, No. 03-CV-1022 (EDNY Mar. 17, 2007), that awarded a civil rights attorney with twenty-six (26) years experience an hourly rate of $425. Id. at pgs. 11-12. Magistrate Judge Pohorelsky, further noted that "[t]he plaintiff also cites other cases involving higher hourly rates, but these cases either did not involve claims similar to the ones before the court or further demonstrate that the rates sought here are of the highest awarded for attorneys with their level of experience." Marshall, 10 CV 2714 fn 6.

Accordingly, the court found that a rate of $325 for Mr. Coehn was "in line with those typically awarded to attorneys of similar experience and caliber in this district and account for other factors normally assessed in determining a reasonable hourly rate." Id. at pages 10-11.

On September 1, 2016, the Honorable Judge Sweet, in Schoolcraft, 10 Civ. 6005, issued an opinion following the precedent set by the Eastern District in Marshall.   In the Schoolcraft,

matter Cohen & Fitch, LLP sought an hourly rate of $500. Id. at 14. Judge Sweet found that the rate requested by counsel was excessive and "not equivalent to what a reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively would be willing to bear in this District." Id. at 18.   In analyzing the factors set out in Arbor Hill, Judge Sweet found that Mr. Cohen was a small-firm practitioner, and thus "incomparable to large law-firms employing thousands of attorneys, where rates factor in massive overhead." Id. at 19. Moreover, Judge Sweet found that hourly rates are routinely discounted, because clients often pay a discounted rate "typically… 83% of fees their law firm charge…" Id. Accordingly, Judge Sweet followed the Court's precedent in Marshall, and decreased the requested fee by thirty-five percent (35%), thus totaling an hourly rate of $325. Id. at 22.

Notably, Mr. Cohen fails to provide any case law to support the request of a $500 hourly rate.  Moreover, as in Marshall, the case law that Mr. Cohen cites in support of the use of the Law Journal's survey findings as the standard rate in the field, are completely distinguishable from this matter.  See, Cohen Dec. at fn. 6.  Specifically, Skanga Enerhy & Marine Ltd. v. Arevenca S.A., 2014 U.S. Dist. LEXIS 74921 (SDNY 2014) involved a commercial dispute matter; Thai-Lao Lignite (Thailand) Co., LTD v. Government of Lao People's Democratic Republic, 2012 U.S. Dist. LEXIS 1033378 (SDNY 2011), arose from a matter involving the confirmation of an arbital award under the United Nations Convention on the Recognition of Foreign Arbital Awards; in Integrated Marketing v. JEC Nutrition, 2007 U.S. Dist. LEXIS 19468 (SDNY 2007), the plaintiff sought an hourly rate of $255, which was not challenged by defendants; Banco Cenrale v. Paraguay Humanitarian Found., 2007 U.S. Dist. LEXIS 17366 (SDYY 2007) involved the unlawful diversion of $16 million dollars; and In re Merrill Lynch v. Research Securities Litig., 2007 U.S. Dist. LEXIS 9450 (SDNY 2007) involved three securities

class actions.

The Southern District has routinely held that an hourly rate of $500 is unreasonably high for a civil rights attorney with the experience and skill of Mr. Cohen.  See, Dixon v. Agbai, 2016 US Dist. LEXIS 88844 (SDNY); Balu v. City of New York, 2016 US Dist. LEXIS 29264 (SDNY); Thomas v. City of New York, 2016 US Dist LEXIS 8960 (SDNY); Makinen v. City of New York, 2016 US Dist. LEXIS 49293 (SDNY).

Plaintiff's attorney in Dixon, 2016 US Dist. LEXIS 88844 (SDNY), sought $425 per hour, which the court found to be reasonable.  Plaintiff was represented by Philip Hines, the founding partner at Held & Hines, LLP.  Mr. Hines had over twelve (12) years litigation experience and had "successfully litigated more than 40 civil rights cases in New York's federal courts."  Prior to founding Held & Hines, LLP, Mr. Hines was a partner at Lazaowitz & Manganillo, LLP for three (3) years. In support of his motion for attorney's fees, Mr. Hines annexed three retainer agreements from March 2014 through June 2015, which showed that client's paid his firm $450 per hour for representing them in similar matters.

The court stated that "consistent precedent in the Southern District reveals that rates awarded to... attorneys with experience comparable to Hines has been... between $300 and $450," citing Rosado v. City of New York,  2012 US Dist. LEXIS 49293 (SDNY)(finding $350 to be a reasonable hourly rate for an attorney with 3 years experience in civil rights and 9 years litigation experience.); Allende v. Unitack Design, Inc., 783 F. Supp. 2d  (SDNY 2011)(finding $450 to be a reasonable hourly rate for a partner in FLSA or other statutory fee cases.); Tatum v. City of N.Y., 2010 US Dist. LEXIS 7748 (SDNY)(finding $400 and $450 to be reasonably hourly rates for two partners with "a combined total of 27 years of litigation experience."); Wise v. Kelly, 620 F. Supp. 2d 435 (SDNY 2010)(finding $425 to be "a reasonable rate for a founding

partner and a civil-rights firm with eighteen years of experience.).  Accordingly, the Court found that the rate of $425 per hour was reasonable for Mr. Hines, considering his experience and the Court's precedent.

In another 2016 decision, the court determined that $450 and $400 were reasonable hourly rates.  In Thomas v. City of New York, 2016 US Dist. LEXIS 8960 (SDNY), plaintiff's attorney Zelman requested $500 per hour.  Zelman was admitted to practice in 1999, and managed a two-lawyer firm.  Additionally, Zelman had sixteen (16) years experience with civil rights cases on both the state and federal level.  Asher requested $600 per hour.  Asher was a partner in the five-lawyer firm Asher & Associates, DC.  Asher had prior experience as a Bronx County DA and the subject trial was his fifth §1983 trial as lead trial counsel.

The Court found that the rates requested were above what was typically awarded in civil rights cases, stating that "[r]ecent case law lists fees of $400 to $450 an hour for attorneys *with nearly double the experience of Zelman and Asher*."  The Court ultimately found that an hourly rate of $450 for Zelman and $400 for Asher was reasonable.

Similarly, in Balu v. City of New York, 2016 US Dist. LEXIS 29264, plaintiff's attorney, Fred Lichtmacher, sought $525 per hour.  In support of his motion, Mr. Lichtmacher submitted a his own declaration, and corroborating declarations from two attorneys.  The Court found that $450 an hour was a reasonable hourly rate, citing Charles v. City of New York, 2015 US Dist. LEXIS 25510 (SDNY)(finding $450 per hour to be reasonable for an attorney with 24 years experience); Spencer v. City of New York, 2013 US Dist. LEXIS 161693 (SDNY)(finding $400 an hour to be a reasonable rate in a civil rights matter for an attorney with 10 to 20 years experience.); Greene v. City of New York, 2013 US Dist. LEXIS 154342 (SDNY) ("observing that precedent in the Southern District reveals that rates awarded to experienced civil rights

attorneys [in 10 years prior to a 2008 survey] have ranged from $250 to $600; concluding that the rate of $375 per hour is on par with rates charged by seasoned civil rights solo practitioners with comparable experience, for an attorney with nearly 20 years experience" (internal quotations omitted)); Tatum v. City of New York, 2010 US Dist. LEXIS 7748 (SDNY).

Mr. Cohen is seeking $500 per hour. Unlike the attorneys in the above cited cases, Mr. Cohen graduated from Cardozo School of law in 2004 was admitted to practice in 2005, and thus has only eleven **(11) years total experience**. Cohen Dec. ¶¶6. From 2005 through 2007 Mr. Cohen worked as an assistant district attorney felony trial attorney, and then went on to work in criminal defense from 2007-2008. Cohen Dec. ¶¶7 & 13. Mr. Cohen founded his firm, and began practicing civil rights litigation in 2008. Cohen Dec. ¶16. Thus, Mr. Cohen has only **eight (8) years experience in civil rights litigation**.

In support of his motion Mr. Cohen annexed a 2014 retainer agreement of a client in a criminal matter, purporting to charge $500 per hour. Cohen Dec. Exhibit F. However, Mr. Cohen's hourly rates for criminal matters has no relevance in this matter, as it sheds no light on Mr. Cohen's hourly rates for paying civil rights clients. Notably, Mr. Cohen does not annex the retainer agreement relating to Mr. Bacote. The absence of tendering to this Court the retainer agreement pertaining to Mr. Bacote leaves open the option that the agreement with Mr. Bacote is on a contingency bases as was noted in the Marshall case cited above.

Additionally, Mr. Cohen annexed the Legal Intelligence Billing survey. Cohen Dec. Exhibit G. However, the survey does not indicate the areas of law in which the varying firms specialize, nor does it take note of the size of the firm or the level of experience of the partners within the firm. Thus, it is not an accurate reflection of the billing rates in the civil rights field for partners with comparable skill to Mr. Cohen, which was noted by Magistrate Judge

Pohorelsky in <u>Marshall</u>, stating "[t]he Law Journal's review spans the entire nation, rather than the relevant forum... and does not take into account the particular circumstances of this case or the attorneys involved." <u>Marshall</u>, 10 CV 2714 at fn 1.

Although Mr. Cohen points to the court to the billing rates of the law firm of Quinn Emmanuel Urquhar and Sullivan, LLP, he also points out that Quinn is "**one of the largest class action law firms in the world.**" Cohen Dec. ¶30. Thus, the billing rates for the partners at Quinn are **not** comparable to Cohen & Fitch, LLP, a three-attorney law firm with 8 years civil rights litigation experience. Judge Sweet in <u>Schoolcraft</u> stated

> Primary Counsel's own comparisons to the rates of large law firms is illustrative; this argument works equally to Primary Counsel's detriment as it does to their benefit. Primary Counsel are all solo or *small-firm practitioners whose practices are incomparable to large law-firms* employing thousands of attorneys, where rates factor in massive overhead... Furthermore, many clients of large law firms do not actually pay the hourly rates their counsel command on paper.

<u>Schoolcraft</u>, 10 Civ. 6005 at pg. 19.

Finally, Mr. Cohen annexed the self-serving affidavits of Jon L. Norinberg, Esq. and Katherine E. Smith, Esq. Interestingly, in <u>Marshall</u>, Mr. Norinberg requested only $450 per hour. At the time Mr. Norinsberg had over twenty (20) years experience in complex litigation. Mr. Norinsberg graduated *magna cum laude* from Georgetown University Law Center, and started his own solo practice in 1998, where he focused on civil rights litigation. Moreover in <u>Schoolcraft</u>, Mr. Norinberg was awarded a rate of $390.

As the Court stated in <u>Thomas</u>, *supra*, attorneys with more than twice (almost three times) the amount of experience as Mr. Cohen have been awarded between $400 to $450 per hour. The attorney in <u>Dixon</u>, *supra,* had twelve (12) years litigation experience and had litigated forty (40) civil rights cases, four times as many as Mr. Cohen, and was awarded $425 an hour.

In <u>Thomas</u>, Zelman had sixteen (16) years civil rights litigation experience and was awarded $450 an hour.  Mr. Cohen only had eleven (11) years total litigation experience, and just **eight (8) years civil rights litigation experience**.  Thus, an award of even $425 would be high when compared to the recent hourly rates awarded in the Southern District.  Finally, in 2013 and September of 2016, Mr. Cohen was awarded **$325 an hour** based on his experience.  Thus, $500 an hour is clearly not a reasonable hourly rate for Mr. Cohen in light of the recent awards to civil rights attorneys with comparable experience and the Court's precedent.

## **CONCLUSION**

The hourly rate requested by Mr. Cohen is excessive, and not in line with what a reasonable paying client would be willing to pay.  Moreover, the Court's precedent in awarding attorney's fees specifically as to Mr. Cohen, and in other similar cases, indicate that the hourly rate sought is excessive.  Accordingly, it is respectfully requested that this Court set a reasonable hourly rate in line with the Court's precedent.