USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/29/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ORRIN BACOTE,                                                      :
                                                                  :
                                            Plaintiff,            :
                                                                  :            1:16-cv-1599-GHW
                       -against-                                  :
                                                                  :            MEMORANDUM OPINION
RIVERBAY CORPORATION, *et al.*,                                   :            AND ORDER
                                                                  :
                                            Defendants.  :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On December 7, 2016, Defendants' counsel Mr. Horace Rhoden and defendant Mr. Lamont Leath failed to appear for Mr. Leath's properly noticed deposition.  Plaintiff's counsel now requests an award of $750 in attorneys' fees and $214.50 in court reporter costs as a sanction for this failure to appear under Rule 37(d)(3) of the Federal Rules of Civil Procedure.  For the reasons stated below, this application is granted in part, and the Court will award Plaintiff's counsel $525 in attorneys' fees and $214.50 in court reporter costs.

## I.    BACKGROUND

On December 14, 2016, the Court held a conference with the parties to discuss, among other things, the failure of Mr. Rhoden to appear with Mr. Leath for Mr. Leath's properly noticed deposition on December 7, 2016.  During that conference, the Court concluded that this failure to appear was not "substantially justified" within the meaning of Fed. R. Civ. P. 37(d)(3).  The Court granted Plaintiff's counsel, Mr. Gerald Cohen, leave to make an application for reasonable expenses, including attorneys' fees, incurred as a result of Mr. Rhoden and Mr. Leath's failure to appear at the deposition.  *See* Dkt. No. 60.  Plaintiff's counsel filed his application on December 16, 2016, Dkt. Nos. 63, 64, Defendants' counsel opposed the application on December 23, 2016, Dkt. Nos. 68, 69, and Plaintiffs' counsel replied on December 27, 2016.  Dkt. No. 70.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 37(d) provides that a court may order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  "Instead of or in addition to" the sanctions available under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), the court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis added).  Furthermore, "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).  Under Rule 37, "[c]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *Klein v. Torrey Point Grp., LLC,* 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (quoting *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.,* 273 F.R.D. 372, 377 (S.D.N.Y. 2011)).  Rule 37 places the burden of proof on the disobedient party to show "that his failure is justified or that special circumstances make an award of expenses unjust."  *See Novak v. Wolpoff & Abramson LLP,* 536 F.3d 175, 178 (2d Cir. 2008) (citation omitted).  "If a [c]ourt grants a motion made under Rule 37(d), it has broad discretion to impose sanctions it considers just."  *Handwerker v. At&T Corp.,* 211 F.R.D. 203, 208 (S.D.N.Y. 2002).

The Second Circuit's approach to determining an appropriate award of attorneys' fees requires the Court to calculate a "presumptively reasonable fee," which is the product of:  (1) a reasonable hourly rate for the attorney's work; and (2) a reasonable number of hours of work required by the case.  *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011).  A reasonable hourly rate is one which a "paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  To

find a reasonable hourly rate, the Court must determine whether the rates requested by Plaintiff's counsel are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Auth.,* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984)).  In order to make this determination, courts receive guidance from:  "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Jemine v. Dennis,* 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012).

## III.   DISCUSSION

As noted above, the Court concluded during the December 14, 2016 conference that the failure of Defendants' counsel and Mr. Leath to appear for Mr. Leath's deposition was not "substantially justified" within the meaning of Fed. R. Civ. P. 37(d)(3).  The Court further noted that this failure could not be excused on the basis that the discovery sought might have been objectionable, because Defendants' counsel had not filed a motion for a protective order under Fed. R. Civ. P. 26(c) in advance of the deposition, despite having adequate time to do so.

Accordingly, the only issue left for decision is the size of the award to be paid to Plaintiff's counsel as a sanction for this failure, which the Court "must" order under Fed. R. Civ. P. 37(d)(3). Plaintiff's counsel requests an award of $750 in attorneys' fees and $214.50 for the court reporter fee, for a total of $964.50.  Counsel's application indicates that, although he spent 2.1 hours waiting for Mr. Rhoden and Mr. Leath to appear for the deposition before it was confirmed that Mr. Leath would not appear, he is only requesting compensation for 1.5 hours of attorney time because he was able to devote some of that 2.1 hours to work on other matters.  Counsel's application also states that he is not seeking reimbursement for time spent by his associate, Ms. Ilyssa Fuchs, helping him prepare for and coordinate Mr. Leath's deposition.  Defendants' counsel does not contest the appropriateness of an award of attorneys' fees nor the request for reimbursement of the court reporter fee.  Nor does Defendants' counsel take issue with the number of hours for which

Plaintiffs' counsel seeks reimbursement.  Rather, Defendants' counsel only takes issue with Mr. Cohen's requested rate of $500 per hour.

The Court appreciates Mr. Cohen's credentials and his record of success in civil rights litigation, as described in the affidavit accompanying his application.  However, the Court finds that the rate of $500 per hour is excessive.  The most recent opinion of which the Court is aware that awarded Mr. Cohen and his firm fees in a civil rights action, on which Defendants' counsel heavily relies in opposition to this fee application, was *Schoolcraft v. City of New York*, No. 10-cv-6005 (RWS), 2016 WL 4626568 (S.D.N.Y. Sept. 6, 2016).  In that case, Mr. Cohen's firm, Cohen & Fitch LLP, requested reimbursement at $500 per hour.  The court reduced the rate to $325 per hour.  The court found that in that case, plaintiff's counsel received "reputational benefits" which counsel "can and actively did leverage to obtain business into the future," benefits which the court reasoned "must be offset against the purely theoretical highest rates Plaintiff's counsel could command."  *Id.* at *7. Plaintiff's counsel here contends that reliance on *Schoolcraft* is inappropriate in light of the Court's implicit finding that counsel's fees would have been higher but for these "reputational benefits," and that there are no such benefits associated with this case.  But this argument overlooks the fact that the court in *Schoolcraft* also found that the reduced hourly rate was "consistent with the awards [plaintiff's counsel] received in the past from contested fee applications."  2016 WL 4626568, at *7 (citing cases).  The Court does agree with Plaintiff's counsel, however, that the *Schoolcraft* court's reliance on a 2013 decision from the Eastern District of New York awarding fees at $325 per hour may serve to inappropriately reduce the appropriate hourly rate inasmuch as "the prevailing hourly rates [in the Eastern District of New York] are substantially lower" than the prevailing hourly rates in the Southern District of New York. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009).  The Court will therefore exercise its discretion and award fees to Mr. Cohen at a rate of $350 per hour.  *Cf. Salama v. City of New York*, 2015 WL 4111873, at *2 (S.D.N.Y. July 8, 2015) ("Rates found reasonable by courts in this District for experienced civil rights attorneys appear to

cluster in the $350-450 per hour range.") (collecting cases).  This decision relates exclusively to the current request for attorneys' fees and does not preclude Mr. Cohen or other members of his firm from requesting reimbursement of fees at a higher hourly rate at a later stage in this case.

As noted, Plaintiff's counsel also requests reimbursement for the court reporter fee associated with Mr. Leath's aborted deposition, and has submitted an invoice reflecting that this fee amounts to $214.50.  Courts routinely order reimbursement of court reporters costs when imposing sanctions under Fed. R. Civ. P. 37(d)(3).  *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 150 (S.D.N.Y. 2014); *In re 650 Fifth Ave. and Related Props.*, No. 08-cv-10934 (KBF), 2013 WL 4774720, at *10 (S.D.N.Y. Sept. 4, 2013).  Defense counsel has not opposed this request, and the Court will order reimbursement of this expenditure in addition to the fees already discussed.

Finally, although Fed. R. Civ. P. 37(d)(3) provides that a court must order "the party failing to act, the attorney advising that party, or both" to pay "reasonable expenses" incurred in connection with the failure to appear for a deposition, the Court finds that the imposition of monetary sanctions against Mr. Rhoden is appropriate, rather than against Mr. Leath or against Messrs. Rhoden and Leath jointly and severally.  There has been no contention by any party or any attorney in this case that Mr. Leath made the decision not to appear for his properly noticed deposition or that he unjustifiably relied on his attorney's decision not to appear.  Rather, it is undisputed that this decision was made by Mr. Rhoden, and Mr. Leath—a non-lawyer who was only recently added as a defendant to this case—understandably relied upon his attorney's instructions not to appear for the deposition rather than exercising his own independent judgment on this issue.

## IV.  CONCLUSION

For the reasons stated above, the application of Plaintiff's counsel for fees and expenses is granted in part, and the Court concludes that attorneys' fees in the amount of $525 and court reporter fees in the amount of $214.50, for a total of $739.50, are warranted under Fed. R. Civ. P.

37(d).  Mr. Rhoden is ordered to pay Mr. Cohen that amount within fourteen days.

     SO ORDERED.

Dated:  December 29, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge

6