```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ORRIN BACOTE,

              Plaintiff,

         v.                           16 CV 1599

RIVERBAY CORPORATION, et al.,
                                      Decision
              Defendants.

------------------------------x
                                      New York, N.Y.
                                      February 22, 2017
                                      4:25 p.m.
Before:

         HON. GREGORY H. WOODS

                                      District Judge




              APPEARANCES


COHEN & FITCH LLP
     Attorneys for Plaintiff
BY:  GERALD M. COHEN
     ILYSSA FUCHS


ARMIENTI DEBELLIS GUGLIELMO & RHODEN LLP
     Attorneys for Defendants
BY:  VANESSA M. CORCHIA
     HORACE O.K. RHODEN
```

1           (Case called)
2           THE COURT:  This is Judge Woods.  Do I have counsel
3   for plaintiff on the line?
4           MR. COHEN:  Yes.  Gerald Cohen here.  I am also with
5   my associate Elyssa Fuchs.
6           THE COURT:  Thank you very much.
7           Do I have counsel for defendants on the line?
8           MS. CORCHIA:  Yes, your Honor.  Vanessa Corchia.  I am
9   here with my partner Horace Rhoden.
10          THE COURT:  Thank you very much.
11          I scheduled this conference to discuss the parties'
12  motions with respect to the exclusion of defendants' proposed
13  expert witness Dr. Toosi.  I have reviewed the submissions by
14  the parties.  Thank you very much for providing those to me.
15  Is there anything that either side would like to add to the
16  written submissions that were made in connection with the
17  motion?  First, Mr. Cohen.
18          MR. COHEN:  Your Honor, I don't know if I'm reading
19  the tea leaves correctly or not, but I would ask if the Court
20  is going to extend the discovery schedule, to potentially
21  reconsider the Court's decision on the grand jury application
22  plaintiff made earlier in the year.  Again, I'm not sure I'm
23  reading the tea leaves correctly, but I think that's what is
24  happening.
25          Unlike the situation here, I believe, and I strongly

1  feel this, that plaintiff did not do anything on the issue with
2  the grand jury minutes to delay discovery or wait to the last
3  minute, but actually was working within the confines of what
4  the rules were by trying to reach out to the state court first
5  for comity reasons.  Once that was exhausted, the right thing
6  to do was to go to the federal court and review that
7  application.  Not review that application, but make a new
8  application.
9          THE COURT:  Thank you.
10         Can I hear from counsel for defendants.
11         MS. CORCHIA:  Yes, your Honor.  In our papers with
12 regard to the preclusion motion of Dr. Toosi, we didn't really
13 make a reference, in what appears to be a reargument or asking
14 the Court for reconsideration by the plaintiff, to also extend
15 his time to move before you to release the grand jury minutes.
16 The distinction that I saw --
17         THE COURT:  Counsel, let me pause you.
18         MS. CORCHIA:  Yes.
19         THE COURT:  Let me invite arguments regarding the
20 motion that is pending and briefed before me.
21         MS. CORCHIA:  Your Honor, we rest on our papers on
22 that.
23         THE COURT: Good.  Thank you.  I am going to rule on
24 that issue now.  I suspected that when I issued my order
25 yesterday, I would be leaving many tea leaves in the teacup.

1  You read the tea leaves properly, Mr. Cohen. I am going to
2  deny the motion to preclude defendants' proposed expert witness
3  Dr. Toosi. I would like to review the reasoning for that
4  decision now. Please bear with me while I lay that out here.
5       On February 7, 2017, plaintiff filed a motion to
6  preclude defendants' proposed expert witness, Dr. Kevin Toosi.
7  Docket Nos. 107 to 109. Defendants opposed the motion on
8  February 10th, 2017. Docket Nos. 112-13. Plaintiff replied on
9  February 4, 2017. Docket No. 118.
10      The basis for plaintiff's motion is defendants'
11 failure to abide by section 7(c) of the scheduling order in
12 this matter, which provides, "No later than 30 days prior to
13 the date in paragraph 6(a) (i.e., the completion of all fact
14 discovery), the parties shall meet and confer on a schedule for
15 expert disclosures, including reports, production of underlying
16 documents, and depositions, provided that (1) expert reports of
17 the party with the burden of proof shall be due before those of
18 the opposing party's experts and (2) all expert discovery shall
19 be completed by the date set forth in paragraph 7(b)."
20      In addition, pursuant to the terms of the case
21 management plan that I entered in this case as modified by the
22 order entered on October 20th at docket number 44, the deadline
23 for completion of all expert discovery was fixed at a date
24 certain.
25      Although the deadline for completion of expert

discovery was twice extended by the Court ultimately to January 23, 2017, the orders extending the deadline stated that "except as expressly modified" by those orders, the May 2, 2016, case management plan "remains in full force and effect."

On January 23, 2016, at approximately 4 p.m. -- namely, the very last day for completion, not initiation, of expert discovery -- defendants filed their initial expert disclosures on ECF and served those disclosures on plaintiff. As discussed with the parties during a telephone conference on February 1, counsel for defendants understood during the discovery period that January 23, 2017, was the deadline for the completion of expert discovery and not the date by which initial expert disclosures were to be made.

Counsel also confirmed that although he was aware as early as mid December 2016 that he might wish to use an expert, at no time prior to the expert discovery deadline did he request an extension of the expert discovery period nor did he raise the issue with plaintiff's counsel or the Court prior to that deadline.

Counsel's proffered explanation for noncompliance with the case management plan was that he first learned of an alleged leg lock maneuver performed by plaintiff on Officer Catala during the December 12, 2016 - Deposition of Officer Mendoza - and that the potential need for an expert was not apparent until that time.

          Plaintiff has asked the Court to preclude defendant's expert on the grounds that defendant's noncompliance with the scheduling order will further delay this case and prejudice plaintiff.  More specifically, plaintiff asserts that "at a minimum, plaintiff will have to start the process of looking for a rebuttal witness and determining whether one is even necessary" and therefore "this rebuttal witness will have to review the hundreds of pages of medical records for defendant Catala and write a report that would have to be exchanged."  Docket No. 108 at 7.  Plaintiff further argues "this report may be necessary to oppose defendant's motion for summary judgment, which will certainly cause that motion schedule to be extended."  Id.

          In opposition to plaintiff's motion, defendants largely reiterate the position that they had articulated during the February 1 telephone conference: namely, that "defendants were not aware of the basis on which the expert would be able to opine until the testimony given by Officer Mendoza on December 12, 2016," and that given the delays associated with gathering the information the expert would need, the "earliest opportunity to make the expert disclosure was Monday, January 23, 2017."  Docket No. 113 at 5.

          Defendants maintain that they are not trying to "sneak something through" but rather that "under the circumstances it could not have been done any earlier."  Id. at 5-6.

1          Rule 26 of the Federal Rules of Civil Procedure
2  provides that parties intending to present expert testimony at
3  trial must disclose the identity of any witnesses along with a
4  written report, if one is required, and a "summary of facts and
5  opinions to which the witness is expected to testify" "at the
6  times and in the sequence that the Court orders."  Federal Rule
7  of Civil Procedure 26(a).  If a party does not comply with the
8  requirements of rule 26, the Court may impose sanctions under
9  rule 37, including precluding the expert testimony.
10         In deciding whether to preclude witnesses under rule
11 37 due to a violation of rule 26, a court must consider "(1)
12 the party's explanation for the failure to comply with the
13 disclosure requirement, (2) the importance of the testimony of
14 the precluded witnesses, (3) the prejudice suffered by the
15 opposing party as a result of having to prepare to meet the new
16 testimony, and (4) the possibility of a continuance."  Design
17 Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006).
18         Weighing these factors, the Court concludes that
19 preclusion is not warranted under the circumstances.  While the
20 Court does not believe that defendants have provided a good
21 explanation for their failure to comply with the scheduling
22 order in this case, the remaining factors weigh against
23 preclusion.
24         With respect to the importance of Dr. Toosi's
25 testimony, the issue of whether plaintiff performed a leg lock

1  on Officer Catala has been ascribed much importance, by
2  defendants at least, becoming a focus of the parties' remarks
3  during several recent telephone conferences, and appears to be
4  relevant at a minimum to assessing potentially the lawfulness
5  of the encounter between plaintiff and Officer Catala and
6  whether the force used against plaintiff in the immediate
7  aftermath of this encounter was reasonable.
8          With respect to prejudice suffered by the plaintiff,
9  the Court is sympathetic to the delay caused by defendants'
10 late disclosure but gives relatively little weight to
11 plaintiff's contention of the process of working with the
12 rebuttal expert "will undoubtedly be costly and time-
13 consuming," since such costs and expenditure of time would have
14 been necessary even had defendants complied with my order and
15 disclosed their expert on a timely basis.  And the Court does
16 not believe that a delay in resolving this case of two to three
17 months warrants preclusion of defendant's expert.
18         Finally, no trial date has yet been set and there are
19 no other impediments to a continuance of which the Court is
20 aware.  See, e.g., Point Productions A.G. v. Sony Music
21 Entertainment, Inc., 2004 WL 345551, at *13 (S.D.N.Y. Feb. 23,
22 2014) (granting preclusion instead of continuance in a
23 10-year-old action); Emmpresa Cubana Del Tabaco v. Culbro Corp.
24 213 F.R.D. 151 (S.D.N.Y. 2003) (quoting that a continuance was
25 "not a reasonable possibility" in a six-year-old case that had

an already-overrun trial date). Moreover, preclusion of evidence is a "harsh remedy" that "should be imposed only in rare situations." <u>Columbia Casualty Co. v. Neighborhood Risk Management Corp.</u>, 2016 WL 184407, at *2 (S.D.N.Y. Jan. 15, 2016) (citation omitted).

As lamentable as the course of conduct was by counsel in this scenario, the Court cannot conclude that the harsh sanction is appropriate under the circumstances. The Court will, however, grant plaintiff leave to file an application pursuant to federal rule of civil procedure 37(b)(2)(C) for recovery of the "reasonable expenses" caused by defendants' noncompliance with the scheduling order. Any such application should be filed no later than March 3, 2017. Defendants may oppose the application on or before March 10, 2017.

I expect to issue an order memorializing these rulings and adjourning the existing briefing schedule for defendants' proposed partial motion for summary judgment as I set out in my order yesterday.

While I appreciate that defendants' counsel does not believe that this late-disclosed expert report will have an impact on the summary judgment briefing schedule, I have to accept the proffer by plaintiff in this situation that they may wish to review that report and potentially put before the Court any rebuttal testimony that they may solicit as a result of any expert testimony that their expert may provide in rebuttal.

1          I am going to talk about a revised briefing schedule.
2  I also want to put in place very clear deadlines for completion
3  of the expert discovery process here.  I am going to do that
4  now.
5          First, let me understand from you, if I can, Mr.
6  Cohen, about the medical records that underlie what I
7  understand to be Dr. Toosi's conclusions.  Separate and apart
8  from the question of whether you are going to retain a rebuttal
9  expert, do you need access to more of the officer's medical
10 records beyond what you already have in order to prepare to
11 meet this testimony, as far as you know at this point?
12         MR. COHEN:  As far as I know, I believe they provided
13 me, at least the defendants so stated, all the medical records
14 that were reviewed by Dr. Toosi.
15         THE COURT:  Thank you.
16         MR. COHEN:  I don't know if they said that those are
17 all the medical records in their possession for Officer Catala.
18 This is only an issue with respect to Officer Catala, since he
19 is the one that was injured.
20         THE COURT:  Thank you.
21         Ms. Corchia, Mr. Rhoden, have you provided plaintiffs
22 with all of the medical records that relate to Officer Catala's
23 alleged jury?
24         MS. CORCHIA:  Yes, your Honor.
25         THE COURT:  Thank you.

1         Mr. Cohen, can you give me an estimate regarding the
2    time that you believe that you will need to retain a rebuttal
3    expert, evaluate the defendants' expert report, present your
4    own, and to conduct a deposition of Dr. Toosi.
5         MR. COHEN:  Actually, your Honor, what I would like to
6    do, if it is okay with the Court, is I would like to actually
7    depose Dr. Toosi and then make a decision is to whether we are
8    going to need a rebuttal expert.  Is it possible to do it that
9    way?
10         THE COURT:  Thank you.  Let me inquire regarding that.
11   The general rule is one day, seven hours.  If you take that
12   approach and then conclude that you wish to retain a rebuttal
13   expert, an issue for me that I want to anticipate is whether
14   you believe that you might then request a second day of
15   deposition from Dr. Toosi as a result of any guidance that you
16   may get from your rebuttal expert.  Do you have a view on that
17   issue?
18         MR. COHEN:  The only thing I would say is if I were to
19   use three or four hours on one day, then, if I would need him,
20   can I use the balance of my seven hours on another day?  I
21   wouldn't use more than seven hours is my view.  I probably will
22   not need a second day, but I would like to leave that
23   possibility open.
24         THE COURT:  Thank you.
25         Counsel for defendants, I understand the request to be

1  I'll call it an up-front request for leave to conduct a
2  potential deposition of Dr. Toosi over two days rather than
3  one.  Are you in a position to respond to that request now or
4  should we take it up separately?
5          MS. CORCHIA:  Your Honor, can we take that up
6  separately?  The request is to depose him once, then there
7  would be a period of time for plaintiff to engage an expert,
8  then depose him on a second occasion.  I think that is what the
9  request is.
10         THE COURT:  That is my understanding as well.
11         MS. CORCHIA:  Can we take that up at a separate time,
12 your Honor?
13         THE COURT:  Yes.
14         MS. CORCHIA:  Thank you.
15         THE COURT:  The other thing that I would like to
16 suggest that we take up separately is plaintiff's request for
17 leave, or I should say request that I reconsider my prior
18 decision regarding the grand jury minutes and his desire to
19 make a motion to the Court to pursue those.
20         Part of the basis for my prior ruling has changed as a
21 result of defendants' failure to comply with my order and the
22 resulting extension of the discovery deadlines in this case.
23 As a result, if you wish to apply for me to reconsider that
24 ruling, Mr. Cohen, I would invite you to write me separately.
25         As Mr. Corchia says, the defendants have not had the

1    opportunity to provide me with their arguments in opposition to
2    that request in light of their changed position: namely, that
3    their failure to comply with my order has required an extension
4    of the discovery deadlines as a whole in this case.  I would
5    like to give them the opportunity to respond to your request in
6    light of those changed circumstances.
7              MR. COHEN:  Your Honor, just so I can have some
8    clarity on that, you are not asking us to make a full-blown
9    substantive motion, but rather just a letter request asking the
10   Court to reconsider the previous ruling not allowing us to make
11   a full-blown motion, is that correct?
12             THE COURT:  That would be fine.  I would recommend or
13   request a short letter brief I'll call it that would address
14   any changed circumstances that you believe warrant
15   reconsideration of that decision.
16             MR. COHEN:  Okay.  Thank you, your Honor.
17             THE COURT:  You're welcome.
18             MR. COHEN:  Does it have to be a joint letter with the
19   other party, like we have done, according to your rules?
20             THE COURT:  I would prefer that if you can arrange for
21   that.
22             MR. COHEN:  All right.  Thank you, your Honor.
23             THE COURT:  Thank you.  Given the framework that we
24   have just described, Mr. Cohen, how much time would you propose
25   that you believe that you will need in order to evaluate

1    whether you are going to obtain a rebuttal expert and, if so,
2    for that person to provide his or her report and to allow you
3    to conduct the deposition of Dr. Toosi, and also ask for the
4    defendants' view regarding the amount of time that they will
5    need from the disclosure of your possible rebuttal expert's
6    report in order for them to conduct their deposition of that
7    expert?
8             MR. COHEN:  Unfortunately, it depends on if they
9    accept the proposition I'm making about allowing me to depose
10   him first before making a decision about the expert.  My
11   feeling is I would like to depose the witness, see what
12   information I can gather, and see if a rebuttal expert is
13   actually necessary.
14            THE COURT:  Let's take up that issue substantively
15   now.  I'm sorry, Ms. Corchia.  Do you have any opposition to
16   that proposal?  I understand it is exactly as you described it.
17   Counsel is proposing to split his seven hours of deposition
18   with this witness over potentially two days, one before he
19   retains an expert to rebut his testimony and one thereafter.
20   What is your view?
21            MS. CORCHIA:  Your Honor, we do oppose that.  We do
22   not oppose the deposition of Dr. Toosi, but we would be
23   bringing him in from Philadelphia, and at this point I don't
24   see why there should be basically two separate depositions when
25   no showing has been made of the necessity of the second.

1            THE COURT:  Thank you.  Counsel, do you understand
2   what it is that Mr. Cohen is proposing and why?
3            MS. CORCHIA:  Yes.  My understanding is he wants to
4   depose him first, to gather information and decide whether or
5   not he deems that he even needs to have a rebuttal expert.  My
6   understanding is if he deems he needs to have another rebuttal
7   expert, then he would like to depose him on a second occasion,
8   presumably at that point with the benefit of a consultation
9   with that expert to help him frame questions and explore areas
10  that might not occur to him during the initial deposition.  I
11  think that's what the argument is.
12           I don't see any reason why in the first instance if
13  there is any question, he can't, even if he doesn't designate
14  the expert, at least consult him to assist him in the
15  questioning of Dr. Toosi in the first instance.  I think it is
16  very unusual to have two bites at the apple without
17  preliminarily making any showing.  Right now this is all
18  theoretical, your Honor.
19           THE COURT:  Counsel, I understand Mr. Cohen's proposal
20  to be designed to do at least two things.  One is to
21  potentially save time.  If he chooses not to retain a rebuttal
22  expert, then this addition of the expert discovery period
23  required by your and your colleague's failure to comply with my
24  order may be shorter.
25           The other reason why I understand that he proposes

1   this is to potentially reduce the costs associated with this.
2   If he chooses not to retain a rebuttal expert, then he will
3   incur less expense, expense which may be the subject of further
4   litigation in this case should his clients prevail.
5      Could you address each of those two possible benefits
6   of this motion and tell me what your view is of each of them,
7   Ms. Corchia.
8      MS. CORCHIA:  Your Honor, unfortunately, I can't say
9   that something that will streamline the litigation is a bad
10  thing.  I can't say that, your Honor.  I have to be honest.
11     THE COURT:  Thank you.
12     MS. CORCHIA:  As to the cost, in this type of case we
13  understand that should plaintiff prevail, he is going to be
14  asking for costs in the case.  I don't think that is a
15  consideration right now.  I understand the Court's concern to
16  try to move things along, but it is very unusual to do this
17  two-stage, second bite at the apple, especially with an expert
18  that we are bringing in from another state.
19     THE COURT:  Thank you.
20     I'm going to grant your request, Mr. Cohen.  You have
21  my leave to conduct Dr. Toosi's deposition over the course of
22  two separate days, understanding that the aggregate length of
23  that deposition may not exceed seven hours without further
24  leave of Court.
25     I recognize that this is unusual.  It is also unusual

1    for a party to disregard a court order as flagrantly as counsel
2    for defendants did here.  As a result, I think I would like to
3    take advantage of the opportunity to potentially streamline the
4    remaining additional discovery that has been made necessary as
5    a result of defendants' conduct.
6             MS. CORCHIA:  Your Honor, can I ask for one
7    clarification?
8             THE COURT:  Yes.
9             MS. CORCHIA:  With regard to the aggregate time of the
10   deposition for Dr. Toosi, assuming that plaintiff asks for the
11   second date, our understanding is this would be new
12   questioning, not covering the old ground that the initial
13   session covered.  Correct?
14            THE COURT:  No, I am not placing any constraints on
15   the scope or nature of the questioning in either stage of the
16   deposition.
17            Is there anything else that we should discuss in this
18   conference?  Mr. Cohen?
19            MR. COHEN:  Just the timing that your Honor originally
20   brought up.  If we do it this way, if we can get a deposition
21   in the next two weeks or so, then I'll need another two weeks
22   or so to review everything with a potential witness, and then a
23   final two weeks to potentially have another deposition.  So we
24   are talking about six weeks.
25            THE COURT:  Thank you.

1        Counsel for defendants, do you believe that you can
2   complete expert discovery in that schedule, understanding that
3   if Mr. Cohen retains a rebuttal expert, you and presumably any
4   consultants that you wish to retain may wish to depose that
5   expert, and that in order to prepare for that you may wish to
6   review his or her report?
7        Given that, I'm going to propose that I set close of
8   expert discovery approximately eight weeks from today and set a
9   deadline for disclosure of any rebuttal expert by plaintiffs
10  for a date that is approximately six weeks from today.  Is that
11  a structure that would work for you and your clients, Ms.
12  Corchia?
13       MS. CORCHIA:  Your Honor, can we go over the time
14  frame?  I believe Mr. Cohen said two weeks in order to produce
15  Mr. Toosi so we can take the initial deposition, the second two
16  weeks to then inform us whether he has an expert, and that he
17  is requesting the balance of time to depose Mr. Toosi, and then
18  the additional two weeks in order to re-produce Mr. Toosi.  Is
19  that the initial six weeks, your Honor?
20       THE COURT:  I don't think that is a complete statement
21  of the time line.  Among other things, you have omitted the
22  schedule for the potential rebuttal witness to prepare and
23  present his or her report to defendants.
24       MS. CORCHIA:  Right, your Honor.  What would that date
25  be?

1            THE COURT:  What I was proposing was that I extend

2    expert discovery for a total of eight weeks and that the

3    deadline for the production of plaintiff's rebuttal report

4    would be six weeks from today.

5            MS. CORCHIA:  So we would not have the rebuttal report

6    before the second session of Dr. Toosi, is that correct?

7            THE COURT:  I'm not setting a schedule for the second

8    leg of Dr. Toosi's deposition.

9            MS. CORCHIA:  Then I'm not understanding that, your

10   Honor.  Without setting a date for it, can we have the

11   rebuttal -- I'm sorry.  The rebuttal would have to be after the

12   conclusion of Dr. Toosi.

13           THE COURT:  I'm not setting a date for anything other

14   than disclosure of the rebuttal report and close of expert

15   discovery.

16           MS. CORCHIA:  Understood, your Honor.

17           THE COURT:  Thank you.  Within that frame, the parties

18   can work to schedule the second leg of Dr. Toosi's deposition

19   and the deposition of the rebuttal expert at your will.

20           MS. CORCHIA:  Okay.  I got it.

21           THE COURT:  Good.  Thank you very much.  I am going to

22   set the new deadline for close of expert discovery consistent

23   with the discussion that we just had.  I will also set the

24   deadline for any rebuttal expert disclosure pursuant to rule

25   26(a) as we just discussed.

1               Furthermore, I am going to reschedule the deadline for
2    motions for summary judgment.  I'm going to set it for a
3    relatively short window following the new deadline for expert
4    discovery.  I expect that at this point defendants will have
5    substantially drafted their motion, and as a result I don't
6    think that you should need more than three weeks following
7    close of expert discovery in order to submit your motion, which
8    would be consistent with the rules of civil procedure, the
9    local rules, and my rules.
10              MS. CORCHIA:  That would be fine.  Thank you.
11              THE COURT:  Thank you very much, Ms. Corchia.
12              Is there anything else for us to discuss?  Mr. Cohen?
13              MR. COHEN:  No, your Honor.  Will I have the same time
14   period for the summary judgment motion as well?
15              THE COURT:  Yes.  I will retain the structure of the
16   existing briefing schedule.
17              MR. COHEN:  All right.  The letter for reconsideration
18   of the grand jury minutes, how long do I have to get that to
19   you, your Honor?
20              THE COURT:  I'm not setting a deadline for that.
21              MR. COHEN:  Thank you, your Honor.
22              THE COURT:  Ms. Corchia, anything further?
23              MS. CORCHIA:  No, your Honor.
24              THE COURT:  Good.  Thank you very much.
25              (Adjourned)