```
H39VBACC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ORRIN BACOTE,

           Plaintiff,

     v.                           16 CV 1599 (GHW)

RIVERBAY CORPORATION, ET AL,

           Defendants.       TELEPHONE CONFERENCE

------------------------------x

                                 New York, N.Y.
                                 March 9, 2017
                                 4:37 p.m.

Before:

                HON. GREGORY H. WOODS,

                                District Judge

                     APPEARANCES

COHEN & FITCH
     Attorneys for Plaintiff
BY: GERALD M. COHEN
     ILYSSA S. FUCHS

ARMIENTI DEBELLIS GUGLIELMO & RHODEN
     Attorneys for Defendants
BY: HORACE O. K. RHODEN
     SHANTAE JOHNSON

1               (In chambers)
2               THE COURT:  This is Judge Woods.
3               Do I have counsel for plaintiff on the line?
4               MR. COHEN:  Yes, your Honor.
5               Gerald Cohen.
6               THE COURT:  Thank you.
7               MR. COHEN:  I'm also here with Ilyssa Fuchs, who just
8    walked in.
9               THE COURT:  Thank you.
10              Do I have counsel for defendants on the line?
11              MR. RHODEN:  Yes, your Honor.
12              Horace Rhoden.
13              Also with me is Shantae Johnson.  Ms. Johnson will not
14   be speaking at this conference, your Honor.
15              THE COURT:  Thank you.  Good afternoon.
16              So I scheduled this conference to discuss the letter
17   submitted regarding a potential motion to compel the disclosure
18   of grand jury minutes related to plaintiff's underlying
19   criminal proceedings.
20              As we all know, I previously rejected plaintiff's
21   request to make a motion to -- for me to compel the disclosure
22   of those records on the basis of the then-existing case
23   management plan.  I invited Mr. Cohen to make an application
24   with respect to that if he wished to after I granted defendants
25   their request to conduct expert discovery following the

1   deadline previously set for completion of expert discovery
2   which resulted in an unfortunate, but necessary, adjournment of
3   the summary judgment briefing schedule.
4        I reviewed the letter from the parties.  I'd like to
5   give each of you the opportunity to discuss your positions
6   regarding the request and, if you'd like, the anticipated
7   motion.
8        I'll turn to each of you in order, beginning with you,
9   Mr. Cohen.
10       MR. COHEN:  Yes, your Honor.
11       I think the letter pretty much says what our position
12  is.  We think that the minutes here would be very, very
13  instructive, especially in light of defendant's new employ of
14  an expert.
15       The only record closest in time to the events that
16  exist for many -- the first-party accounts for many of the
17  witnesses is the grand jury minutes.  There are several
18  different views of the mechanism of injury for Officer Catala,
19  what happened on that evening.  I think the plaintiff -- one of
20  the main claims here -- a lot of the claims revolve around
21  whether they are telling the truth.  Since the story has
22  changed over time or I believe the story has changed over time,
23  at least from one witness to the other, I think the grand jury
24  minutes will help plaintiff more fully show how the story from
25  a first-party account has changed from each of the witnesses.

1              THE COURT:  Thank you.

2              Now, can you sketch out for me, please, Mr. Cohen, how

3     you would view the briefing process for this motion to play out

4     if I grant it, understanding that I remain, as I was when you

5     first raised this request, concerned about keeping the schedule

6     in place.

7              The current schedule would have expert discovery

8     completed by April 19th, and the defendant's partial motion for

9     summary judgment being filed by May 10th.

10             My preference, were I to grant this motion, would be

11    to be in a position to have decided on it and to permit

12    sufficient time for the state to provide the information in a

13    schedule so that the information that's produced could be used

14    in connection with the May 10, 2017 partial summary judgment

15    motion.

16             So with those parameters, can you tell me how you view

17    the process working out in the event that I grant you the

18    relief that you requested.

19             MR. COHEN:  So, your Honor, I think we can -- we've

20    written at length about this issue.

21             We can quickly turn around a motion within two weeks

22    and give the relevant parties two weeks to respond.  If a reply

23    is necessary at all, we would need no more than a week.  And

24    that would bring us to about five weeks from today, which is,

25    what, in middle April maybe?

1           THE COURT:  Thank you.

2           You say two weeks for the relevant parties to respond.
3  Are you referring, in part, I assume, to the state; is that
4  correct?

5           MR. COHEN:  I think we would need to serve it upon the
6  district attorney's office.  They've already prepared a motion
7  in state court.  I don't expect that motion to be very
8  different from what their opposition was.  It was actually a
9  very general, broad motion about the particular interests in
10 this case about keeping grand jury minutes.  I think it was
11 only like two or three pages in state court, if I'm not
12 mistaken.  I expect a very similar response from them.

13          Again, it's not something that -- it's not an issue
14 that the parties -- all the parties in this case haven't
15 already thought about and written about.  So we're not talking
16 about recreating from an issue that hasn't been considered and
17 reviewed and researched.

18          So two weeks for us to provide something; two weeks
19 for Mr. Rhoden and the district attorney's office to provide
20 their opposition; and maybe a week for a reply.  I don't know
21 how your Honor feels about that.  If you want to even shorten
22 it, we can scramble and make it shorter.  We're okay with that.
23 We're amenable to that.  We just think we would like a fair
24 shot for your Honor to look at these issues and see if these
25 minutes could be used for this case.

1               THE COURT:  Thank you.
2               Let me ask, do you have a human being in particular
3    who you understand to be responsible for this case at the
4    district attorney's office?
5               MR. COHEN:  The ADA that actually responded over there
6    has left.
7               Hold on.
8               My associate has been in touch with them, so I'm going
9    to ask her to give the Court information on that.
10              THE COURT:  Thank you.
11              Ms. Fuchs?
12              MS. FUCHS:  Yes.
13              So the ADA who was working on it was an ADA Juan.  I
14   have been informed that he has since either left the DA's
15   office entirely or changed departments.
16              The person who has taken over his position is now an
17   ADA Felicia Yancy.  I don't know for sure that she would be the
18   party responding, but I would presume, based on prior
19   conversations with her in regards to getting the DA file, that
20   she would be the relevant point person for the motion.
21              THE COURT:  Thank you.  Good.
22              Is there anything else that you'd like to say in
23   support of your request, counsel for plaintiff?
24              MR. COHEN:  No, your Honor.
25              THE COURT:  Thank you.

1               Let me turn to counsel for defendants.

2               What's your view regarding the request?  I welcome any

3      comments regarding anything related to the request that you'd

4      like to bring to my attention.

5               MR. RHODEN:  Yes.

6               Just briefly, your Honor.  And we do stand on the

7      papers that we have submitted to the Court.

8               We just note, first, that what is being requested here

9      is different; he is, in essence, requesting a reopening of the

10     fact discovery.  What your Honor has granted us recently is an

11     extension of the expert discovery, which we believe is

12     different.

13              On this case, if your Honor should grant this request

14     and the grand jury minutes are sealed, we solely agree with

15     your Honor that this will definitely affect our summary

16     judgment motion.

17              We believe although that it should not be given.

18              Counsel indicated that the reason why he wants the

19     grand jury minutes is because it's the only evidence that he

20     has that is closest in time to the accident, which is not true

21     at all.  Counsel has the videotape, which is taken at the time

22     of the accident.  He can certainly use the videotape if he so

23     desires to impeach the witnesses.  That's really the issue

24     here; that's what he really wants, is to impeach these

25     officers.  The videotape can be used to impeach the officers.

1           He has the reports, the police report.  That can
2   certainly be used to impeach the officers.  And he has the
3   deposition testimony, deposition testimony of nine officers.
4   He certainly can use that to impeach the officers.  He
5   certainly does not need the transcript, the transcript of the
6   grand jury testimony.
7           We believe that the Court's order in the state court
8   was well-reasoned as to why the grand jury testimony is not
9   needed in this case, your Honor.
10          THE COURT:  Thank you.
11          So I've considered the arguments that the parties
12  raised in your joint letter, and I have listened intently to
13  the arguments here now.
14          Let me say that I would very much like to be able to
15  hold to my original decision, but I don't think that it is
16  justified under these circumstances.
17          The principal driver for my decision earlier not to
18  allow plaintiff to make this motion was that it fell outside of
19  the fact discovery window and that, as a consequence, pursuing
20  this additional discovery would cause us to deviate from the
21  remainder of the schedule, including completion of expert
22  discovery and the summary judgment motion.  Had I granted leave
23  for filing of this additional motion at the time, it would have
24  required a modification of those scheduling orders, dates for
25  subsequent steps in the case, particularly, in my mind, the

1    deadline for the motion for summary judgment.
2             As a result of the defendants' request for me to
3    reopen or open expert discovery to accommodate the expert that
4    they most recently disclosed, I had to adjourn the schedule for
5    the summary judgment motion and, as a result, the principal
6    driver, I will call it, of my decision to adhere so firmly to
7    the Rule 16 scheduling requirements with respect to fact
8    discovery on this issue has simply changed.  I am willing to
9    allow plaintiff to file this motion; and I will reopen fact
10   discovery for this extremely limited purpose, namely, the
11   limited purpose of allowing them to seek compulsion of the
12   grand jury minutes.
13            I want to say very clearly that I have not taken a
14   sneak peek, I'll say, at the merits of this motion.  I take no
15   position now about the merits of the motion.  You should imply
16   no signal about the likelihood that I will grant the motion or
17   deny it based on the fact that I'm allowing plaintiff to file
18   it.  I'm simply reconsidering my prior order which went to the
19   scheduling of the case as a whole and my desire to keep the
20   case moving apace.
21            Driven by that same motivation, I'd like to impose an
22   expedited schedule for briefing of this motion, with apologies,
23   Mr. Cohen, because I anticipate that it may take more time for
24   the district attorney's office to respond than you anticipate.
25   I'm going to set a deadline for submission of the motion itself

1  of March 20th.  Any reply I'm going to direct to be filed no
2  later -- or, sorry, opposition I'm going to direct to be filed
3  no later than two weeks following service of the motion.  Any
4  reply will be due no later than one week following the service
5  of the oppositions, if any.
6          In the interim, I would like the plaintiffs and the
7  defendants to -- sorry, plaintiff and the defendants to notify
8  the district attorney's office that you anticipate that such a
9  motion will be filed so that in the intervening time, they can
10 identify the person or people who will be opposing the motion
11 if they wish to oppose it.  I don't want them to start from a
12 dead stop on the date that the motion itself is filed.  So I'd
13 like for you to reach out to the district attorney's office to
14 let them know that this is happening and to let them know that
15 I have set a relatively short briefing schedule for their
16 opposition.
17         I will also tell you that I compressed the briefing
18 schedule for the plaintiff in order to allow additional room
19 or, I should call it, time for the defendants and, more
20 significantly here, from my perspective, the district
21 attorney's office to oppose the motion.  My hope is that they
22 will be able to submit an opposition within the two weeks that
23 I've just established.  But I'm signaling now that I have
24 curtailed the amount of time available to plaintiffs to file
25 your motion in order to give some leeway to the district

H39VBACC

1  attorney's office in the event that it will take them more time
2  to prepare their opposition than the two weeks that I'm setting
3  as the initial due date for their opposition.
4        So that is the schedule.
5        Again, I have no view at this point about the merits
6  of the motion.  I'll evaluate that on the basis of the parties'
7  written submissions, which I look forward to seeing in
8  accordance with the schedule that I've just described and which
9  I will set forth in a written order that will be issued either
10 later today or tomorrow.
11       Is there anything else for us to discuss, counsel for
12 plaintiff?
13       MR. COHEN:  Your Honor, I think we can figure this out
14 logistically.  My associate just brought this up.  I don't know
15 if the Court needs to know about this, how the DA's office is
16 going to file this.  They may or may not have someone who knows
17 how to use ECF, but maybe we'll figure that out when we speak
18 to them.
19       THE COURT:  Thank you.
20       Please let me know what you're able to work out.  If
21 you need any special accommodations from the Court, please feel
22 free to write me jointly.
23       MR. COHEN:  Okay.  That sounds good.
24       Thank you, your Honor.
25       THE COURT:  Anything else from you, Mr. Rhoden?

1          MR. RHODEN:  No, your Honor.

2          THE COURT:  Good.  Thank you, all.

3          MR. RHODEN:  Thank you.

4                         *   *   *